```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


ADAM JOHN RUBEN,               §
TDCJ-CID # 258785,             §
                               §
          Plaintiff,           §
                               §
v.                             §    CIVIL ACTION NO. H-05-2828
                               §
WARDEN THOMAS PRASIFKA, et al.,§
                               §
          Defendants.          §
```

### MEMORANDUM OPINION AND ORDER

Adam John Ruben, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint under 42 U.S.C. § 1983 against the following TDCJ-CID officials: Warden Thomas Prasifka, Grievance Investigator Jonna Alford, Grievance Director Kelli Ward, and former TDCJ-CID Officer Clement. Ruben complains that he has been deprived of personal property in violation of TDCJ-CID directives and that the officials mishandled his grievance. This court has determined that this action should be dismissed.

### I. Allegations and Claims

Ruben states that Officer Clement confiscated and inventoried his property when he was placed in pre-hearing detention pursuant to an investigation concerning use of narcotics in the prison. Ruben was later disciplined and placed on property restriction for

45 days.  He alleges that Clement negligently or intentionally failed to adhere to the applicable TDCJ-CID rules and procedures regarding seized property.  As a result of Officer Clement's unauthorized actions, some of Ruben's property was missing or damaged when it was returned to him after the 45-day term expired. Ruben specifies that commissary items such as coffee and chili pouches were missing.  However, his primary loss concerned missing family photographs and obituaries, including those of his deceased parents and siblings.  While one photograph and obituaries were eventually returned, 64 pictures and the commissary items were never recovered.

Rubens filed a grievance and Warden Prasifka responded with an acknowledgment that the staff was responsible for Ruben's loss. However, the settlement offer was only made for the commissary items because the photographs had only sentimental value.  Rubens admits that most of the photographs could be replaced, but he complains that the defendants treated him unfairly by assuming that he had no feelings for the pictures of his deceased parents and siblings.  Rubens requests fair compensation for the lost photographs and an apology from the defendants.

## II. Analysis

The primary purpose of prisoner civil rights actions is to allow the courts to address complaints where prison officials have

harmed prisoners through the abuse of their official powers. See Harris v. Rhodes, 94 F.3d 196, 197 (5th Cir. 1996). Federal courts have recognized that prisoners are entitled to humane conditions of confinement. See Herman v. Holiday, 238 F.3d 660, 664 (5th Cir. 2001). Prisoners also have some limited rights regarding their ability to give and receive information and to seek legal remedies. Shaw v. Murphy, 121 S.Ct. 1475, 1479 (2001). However, with regard to an inmate's personal property, courts have acknowledged that prison authorities may place restrictions on the items that an inmate can possess. See Martin v. Scott, 156 F.3d 578 (5th Cir. 1998). See also Simmonds v. Cockrell, No. 03-20294 (5th Cir. Nov. 24, 2003) (upholding TDCJ-CID rules limiting inmate property storage).

Ruben does not complain about the seizure pursuant to the TDCJ-CID rules. He alleges that he lost his property when Clement's violated these procedures. Such a claim is not actionable where the State provides a remedy. Hudson v. Palmer, 104 S.Ct. 3194 (1984); Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988). Texas law provides an adequate remedy for unauthorized taking of property. See Cathey v. Guenther, 47 F.3d 162, 164 (5th Cir. 1995). Ruben was offered some compensation for his lost items. His dissatisfaction with the result of the grievance process does not support a civil rights violation. Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Ruben's allegation that

Clement violated prison procedures is not a colorable claim.  See Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986).

Moreover, Ruben's claim is barred because there is no showing that he suffered any physical injury as a result of the alleged taking of his photographs.  42 U.S.C. § 1997e(e); Geiger, 404 F.3d at 374-75 (§ 1997e(e) barred prisoner's claim for injuries alleged to have resulted from a First Amendment violation).  Ruben's complaint establishes that he seeks compensation for the mental anguish that he has suffered as a result of an official's mishandling of his family photographs.  Such a claim is subject to dismissal because it has no legal basis.  Id.

### III. Application to Proceed In Forma Pauperis

Ruben's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

### IV. Conclusion and Order

The court **ORDERS** the following:

1. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

2. This cause of action, filed by Inmate Adam John Ruben, TDCJ-CID # 258785, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e).

3. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and Betty Parker, United States District Court, Eastern District of

Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** at Houston, Texas, on this 13th day of January, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE